---

## VORHEES RUBBER MFG. CO. v. McEWEN.

(Supreme Court, Appellate Division, First Department.  March 9, 1906.)

1. ARREST—CIVIL ACTION—COMPLAINT—VERIFICATION.
Though the verification of a complaint alleging fraud in the procuring of goods was defective, in that the venue was laid in the state of New York and county of New York, while from the certificate of the notary it appeared that the affidavit of verification was taken before a notary in New Jersey, the complaint was good as an unverified complaint, and hence was sufficient, in the absence of a denial by defendant of the facts of the complaint, to support an arrest under Code, §§ 549, 557.

2. SAME—GROUNDS—COMPLAINT—SUFFICIENCY OF AFFIDAVITS.
A complaint alleging the procuring of goods on credit by false representations as to the formation of a partnership with a man of large resource, and affidavits of such alleged partner denying the partnership, and of plaintiff's business manager and of its treasurer affirming the making of the representations, and alleging that the goods were secured in reliance thereon, is sufficient to justify arrest under Code, §§ 549, 557, providing for the arrest of a defendant, where the complaint, supported by the affidavits of plaintiff or others, alleges him to have been guilty of fraud in the procuring of goods or the incurring of obligations.

Appeal from Special Term, New York County.

Action by the Vorhees Rubber Manufacturing Company against Frederick E. McEwen. From an order denying a motion to vacate an order of arrest, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Randall H. Ludlow, for appellant.
James B. Henney, for respondent.

INGRAHAM, J. The complaint alleges that between the 22d day of March, 1904, and the 4th day of August, 1904, both days inclusive, the plaintiff, at the special instance and request of the defendant, sold and delivered to the defendant certain goods, wares, and merchandise of the agreed value of $867; that, of that sum, the sum of $92.88 had been paid; that, in order to induce the plaintiff to make said sale and delivery, and with intent to defraud it of said goods, the defendant falsely and fraudulently represented to the plaintiff that he

(defendant) had formed a copartnership with one Francis M. Miller, under the firm name and style of McEwen & Miller; that said Miller was a man of large resources, whereas, in truth, said Miller and said defendant had not formed a copartnership. With this complaint there was submitted to the judge who granted the order of arrest the affidavit of the general manager of the plaintiff in the city of New York, who deposes to the representations made by the defendant, and that he obtained the merchandise upon such representations; the affidavit of the treasurer of the plaintiff that it relied on such representation; and the affidavit of Miller, who deposes that there was never such a firm and that he never was in business with the defendant. Upon these affidavits an order of arrest was granted, whereupon the defendant moved to vacate such order of arrest.

Although an affidavit of the defendant was submitted, he does not deny any of the facts stated. Assuming that the verification of the complaint is irregular, in that the venue is laid in the state of New York and county of New York, when it appears from the certificate of the notary public that the affidavit of notification was taken before a notary public in the state of New Jersey, it is as good as an unverified complaint. The affidavits clearly establish the representations upon which the goods were sold, the falsity of the representations, and bring the case within section 549 of the Code, which provides that a defendant may be arrested where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring a liability. Section 557 of the Code provides that the order may be granted in the case specified in section 549 of the act, where it appears by the affidavit of the plaintiff, or any other person, that a sufficient cause of action exists against the defendant, as prescribed in that section.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.